# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Adolfo Gutierrez Avila, Jr., | Case No. 20-CV-1767 (DSD/ECW) |
| Plaintiff, | |
| v. | **ORDER** <br> **and** <br> **REPORT AND RECOMMENDATION** |
| Jeff Titus, being sued in his individual capacity; and Rush City Correctional Facility (Municipality being sued as a "person" acting under the color of state law in his individual capacity), | |
| Defendants. | |

This matter is before the Court on the motion to amend the pleading of plaintiff Adolfo Gutierrez Avila, Jr.  (*See* Dkt. 8.)  The original pleading has not yet been served on defendant Jeff Titus, the lone defendant named in that pleading, and therefore Avila may amend his complaint once as a matter of course, with no further authorization of the Court necessary.  *See* Fed. R. Civ. P. 15(a)(1).  Accordingly, Avila's motion to amend will be denied as moot, and the Clerk of Court will be directed to re-docket the document labeled by Avila as the proposed amended complaint (Dkt. 8-1) as an amended complaint.  That amended complaint is now the operative pleading in this matter.

That said, under 28 U.S.C. § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

The primary difference between the original complaint and the amended complaint is that Avila now names as a defendant (in addition to Titus) the Rush City Correctional Facility. But Avila's claim against Rush City Correctional Facility is simply not viable. Avila seeks relief in this matter for alleged constitutional violations pursuant to 42 U.S.C. § 1983. Relief under § 1983, however, is available only against "persons." *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Notwithstanding Avila's attempt to characterize the Rush City Correctional Facility as a "person," it is not. Instead, the Rush City Correctional Facility is an arm of the State of Minnesota. And the State of Minnesota is not a "person" for purposes of § 1983. *See id*. at 71. Moreover, detention facilities such as the Rush City Correctional Facility are generally not legal entities amenable to suit at all. *See, e.g.*, *Celia v. North Central Correctional Facility*, 2014 WL 4961450, at *1 n.1 (N.D. Iowa Oct. 3, 2014) (collecting cases). It is therefore recommended that the Rush City Correctional Facility be dismissed from this action pursuant to § 1915A.

Despite the substitution of the amended complaint as the new operative pleading, this matter remains stuck at square one. More than four months have passed since Avila

was authorized to proceed with this action against Titus, and yet service has not yet been effected. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." More than 90 days have now passed since the filing of the initial complaint and this Court's authorization of suit under § 1915A. Accordingly, Avila is now directed to effect service of process upon Titus by no later than March 1, 2021, failing which it will be recommended that this matter be dismissed without prejudice pursuant to Rule 4(m).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The motion to amend of plaintiff Adolfo Gutierrez Avila, Jr. (Dkt.. 8) is **DENIED AS MOOT**.

2. The Clerk of Court is directed to re-docket Avila's proposed amended complaint (Dkt. 8-1) as an amended complaint. The amended complaint is now the operative pleading in this matter.

3. Avila must effect service of process consistent with Rule 4 of the Federal Rules of Civil Procedure by no later than **March 1, 2021**, failing which it will be recommended that this matter be dismissed without prejudice.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that defendant Rush City Correctional Facility be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

Dated: January 6, 2021  *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).